UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY MICHAEL CASTELLO,** | : | **CIVIL NO. 4:24-CV-1032** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **(Magistrate Judge Carlson)** |
| | : | |
| | : | |
| **TYLER ARBOGAST, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## **MEMORANDUM AND ORDER**

Anthony Castello, a state prisoner, is suing several state police troopers alleging that they used excessive force in the course of his arrest. This matter comes before the Court on a request to appoint counsel for the plaintiff, a *pro se* litigant, and enter an order enjoining non-party prison officials to facilitate Castello's access to discovery materials. (Doc. 35).

Castello has not filed a brief in support of this motion. At the outset of this litigation, the plaintiff was placed on notice that: "Local Rule 7.5 requires that any party who files a motion shall be required to file a brief in support of that motion within fourteen (14) days of the filing of the motion." (Doc. 6-1). Since Castello has not filed a brief in support of this motion, we will deem the motion to be

1

withdrawn without prejudice to renewal in a proper form. See, e.g., Salkeld v. Tennis, 248 F. App'x 341 (3d Cir.2007) (affirming dismissal of motion under Local Rule 7.5).

In any event:

> [T]o the extent that [the plaintiff] seeks to enjoin non-parties in this litigation, he must make a particularly exacting showing. It is clear that "[a] non-party cannot be bound by the terms of an injunction unless the non-party is found to be acting 'in active concert or participation' with the party against whom injunctive relief is sought." Elliott v. Kiesewetter, 98 F.3d 47, 56 (3d Cir. 1996) (citing Fed. R. Civ. P. 65(d)); Robertson v. Samuels, No. 3:13-CV-2500, 2014 WL 347007, at *5 (M.D. Pa. Jan. 30, 2014), aff'd, 593 F. App'x 91 (3d Cir. 2014). See Victor v. Moss, No. 1:20-CV-425, 2021 WL 867582, at *4 (M.D. Pa. Jan. 6, 2021), report and recommendation adopted sub nom. Victor v. Wetzel, No. CV 1:20-425, 2021 WL 527483 (M.D. Pa. Feb. 12, 2021).

Cramer v. Bohinski, No. 1:22-CV-583, 2022 WL 16748604, at *2 (M.D. Pa. Nov. 7, 2022). No such showing has been made here. Therefore, Castello is not entitled to enjoin these non-party prison officials.

Finally, while we appreciate the plaintiff's on-going interest in securing court-appointed counsel, we also recognize that there is neither a constitutional nor a statutory right to counsel for civil litigants. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). Instead, 28 U.S.C. § 1915(e)(1) simply provides that "[t]he court may request an attorney to represent any person unable to employ counsel." Under §1915(e)(1), a district

court's appointment of counsel is discretionary and must be made on a case-by-case basis. Tabron, 6 F.3d at 157-58. In Parham, the United States Court of Appeals outlined the standards to be considered by courts when reviewing an application to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1). In passing on such requests we must first:

> [D]etermine[] that the plaintiff's claim has some merit, then [we] should consider the following factors: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; [and] (6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham v. Johnson, 126 F.3d at 457. There is yet another practical consideration which must be taken into account when considering motions for appointment of counsel. As the United States Court of Appeals for the Third Circuit has aptly observed:

> Finally, in addressing this issue, we must take note of the significant practical restraints on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation. We have no doubt that there are many cases in which district courts seek to appoint counsel but there is simply none willing to accept appointment. It is difficult to fault a district court that denies a request for appointment under such circumstances.

Tabron v. Grace, 6 F.3d 147, 157 (3d Cir. 1993). Mindful of this consideration it has been emphasized that volunteer lawyer time is extremely valuable. Hence, district courts should not request counsel under § 1915(d) indiscriminately. As the Court of Appeals for the Second Circuit has warned: "Volunteer lawyer time is a precious commodity. . ..  Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. We cannot afford that waste." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989); Tabron v. Grace, 6 F.3d 147, 157 (3d Cir. 1993).

In this case our analysis of these factors leads us to conclude that counsel should not be appointed in this case at the present time. At the outset, appointment of counsel would be premature since we have not had the opportunity to further consider the arguable merits of the plaintiff's remaining claim. In any event, the issues in this case appear to be discrete and well-known to the plaintiff. Moreover, the plaintiff has thus far shown the ability to litigate his claims.

Taking all of these factors into account we DENY this motion (Doc. 35), at this time without prejudice to re-examining these issues at the request of the plaintiff, or *sua sponte*, as this litigation progresses. However, IT IS ORDERED that defense counsel confer with the plaintiff to determine how the parties may

facilitate discovery in this matter, an issue that appears to have been hampered by the plaintiff's custodial status.

SO ORDERED, this 13th day of January 2025.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
